UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FLEETZERO INC.,<br><br>      Plaintiff,<br><br>v.<br><br>M/V ATLANTIC POWER, bearing Official No. 1059685, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem,*<br>M/V ATLANTIC WIND, bearing Official No. 9270347, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, and ATLANTIC OCEANIC, LLC, *in personam*<br><br>      Defendants. | CIVIL ACTION NO.:<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h), RULE C, AND 9 U.S.C. § 8 |

## **VERIFIED COMPLAINT FOR RULE C RELIEF AND CONFIRMATION OF AWARD**

NOW INTO COURT, Plaintiff, Fleetzero, Inc. ("Fleetzero"), who, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules") and 9 U.S.C. § 8 of the Federal Arbitration Act, brings this action against M/V ATLANTIC POWER, Official No. 1059685, *in rem*, M/V ATLANTIC WIND, Official No. 9270347, *in rem*, and Atlantic Oceanic, LLC ("Atlantic"), *in personam*, stating an admiralty and maritime claim and seeking the seizure of the aforementioned vessels. In support of this Complaint, Fleetzero verifies as follows:

### THE PARTIES

1.

Plaintiff, Fleetzero, Inc. ("Fleetzero"), is a corporation duly organized under the laws of the State of Delaware.

2.

Upon information and belief, Atlantic Oceanic, LLC ("Atlantic") is a limited liability company duly organized under the laws of the State of Delaware and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, with a registered agent for service of process in this State.

3.

At all material times, Defendant *in rem*, the M/V ATLANTIC POWER, bearing Official Number 1059685 ("POWER"), was and still is a U.S.-flagged offshore supply vessel. The POWER is now or will, during the pendency of this lawsuit, be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

4.

At all material times, Defendant *in rem*, the M/V ATLANTIC WIND, bearing Official Number 9270347 ("WIND"), was and still is a U.S.-flagged offshore supply vessel. The WIND is now or will, during the pendency of this lawsuit, be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

5.

At all material times, Atlantic was and is the registered owner of both the POWER and the WIND.

6.

This is an action against Atlantic, *in personam*, against the WIND, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, and against the POWER, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem* and for security as provided in the Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration

Act.

## JURISDICTION AND VENUE

7.

Jurisdiction exists under 28 U.S.C. § 1333, as the action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, as hereafter more fully appears, as this is a dispute involving a maritime contract for the bareboat charter of a U.S. flag vessel and a related arbitration award made in connection with the breach of that maritime contract.

8.

Plaintiff invokes the maritime procedures specified in Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule C"), and files this complaint in aid of arbitration pursuant to 9 U.S.C. § 8.

9.

This Court is one of competent jurisdiction because Defendants are subject to suit in the Western District of Louisiana.

10.

Venue is proper in this district because the ATLANTIC POWER and ATLANTIC WIND are now or will, during the pendency of this lawsuit, be upon the navigable waters of Louisiana and within this district and within the jurisdiction of this Honorable Court, as required by 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

11.

At the time of contracting, Fleetzero was the owner of the vessel M/V PACIFIC JOULE, a U.S. flag offshore service vessel ("JOULE"). The JOULE was bareboat chartered by Fleetzero to Atlantic by Standard Bareboat Charter Party dated March 29, 2024, at Houma, Louisiana ("Charter Party").

12.

On or about May 29, 2024, the JOULE was delivered by Fleetzero to Atlantic in accordance with the terms of the Charter Party. After taking delivery of the JOULE, Atlantic committed numerous material breaches of the Charter Party, including failure to timely pay charter hire and interest that was due and owing to Fleetzero, refusing to redeliver the JOULE to Plaintiff, and failing to pay the balance of the $500,000 performance guarantee set out in the Charter Party

13.

After repeated breaches of the Charter Party, Fleetzero notified Atlantic that the Charter Party was terminated due to non-payment and demanded redelivery of the JOULE.

14.

Thereafter, Atlantic initiated arbitration proceedings in accordance with the provisions of the Charter Party. The Arbitration Panel consisted of David Martowski, Esq., LeRoy Lambert, Esq., and George Tsimis, Esq., Panel Chairman.

15.

A two-day hearing was held before the Panel on April 7-8, 2025. On April 9, 2025, the Panel issued a unanimous Partial Final Award, finding that Fleetzero had properly terminated the Charter Party and that Fleetzero was entitled to immediately repossess the Joule. *See* **Exhibit A,**

**Partial Final Award**.

16.

The Partial Final Award further determined that Atlantic was liable for damages sustained by Fleetzero due to Atlantic's failure to pay charter hire, and the Award also stipulated that damages owed to Fleetzero would be determined at a later date.

17.

Atlantic has not made any attempt to modify or change the April 9, 2025 Partial Final Award.

18.

Pursuant to 9 U.S.C. § 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." As such, Atlantic has lost its opportunity to vacate, modify, or correct the Partial Final Award.

19.

Following the submission of additional documents and argument, on October 28, 2025, the Panel issued a Final Award, finding Atlantic liable in the amount of $4,157,724.59. *See* **Exhibit B, Final Award**.

20.

The award provides that it may be confirmed by any court of competent jurisdiction, and this Court is a court of competent jurisdiction.

**FIRST CAUSE OF ACTION FOR CONFIRMATION OF ARBITRATION AWARD**

21.

Fleetzero adopts and realleges Paragraphs 1 to 20 as though fully set forth herein.

22.

In accordance with the Federal Arbitration Act, 9 U.S.C. § 9, Fleetzero requests that the Court confirm the Partial Final Award dated April 9, 2025, copy attached as **Exhibit A** hereto, and make same a judgment of the United States District Court.

23.

In accordance with the Federal Arbitration Act, 9 U.S.C. § 9, Fleetzero requests that the Court confirm the Final Award dated October 28, 2025, copy attached as **Exhibit B** hereto, and make same a judgment of the United States District Court.

24.

A copy of the Agreement containing the arbitration clause, as well as a copy of the notification of the selection of the arbitration panel is attached at **Exhibits C** and **D**.

25.

Fleetzero prays for an Order from this Court confirming the Partial Final Award and Final Award and making these awards the judgment of this Court.

**SECOND CAUSE OF ACTION FOR MARITIME ARREST UNDER SUPPLEMENTAL RULE C**

26.

Fleetzero adopts and realleges Paragraphs 1 to 19 as though fully set forth herein.

27.

Subject to confirmation of the April 9, 2025 and the October 25, 2025 arbitration awards, and pursuant to 9 U.S.C. § 8, Fleetzero seeks issuance of process of maritime arrest under Supplemental Rule C so that it may enforce its arbitration award against AO and, in particular, obtain security for the payment and enforcement of the confirmed Awards.

28.

Specifically, section 8 of the Federal Arbitration Act provides that "[i]f the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings…."

29.

The basis for jurisdiction is a cause of action otherwise justiciable in admiralty and Fleetzero is thus allowed to seize "the vessel or other property" of Atlantic Oceanic pending confirmation of the arbitration awards.

30.

The ATLANTIC POWER and ATLANTIC WIND are other property of Atlantic Oceanic that may be seized and held as security during the pendency of any arbitration or the confirmation of any award given in arbitration.

31.

An Affidavit and/or Declaration by Fleetzero's authorized representative verifying the facts of this Complaint is attached hereto as **Exhibit E**.

32.

Pursuant to local rule, Fleetzero agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies from any and all liability as a result of seizing the Vessel.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Fleetzero, Inc., prays:

1.  That process in rem pursuant to Rule C of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the M/V ATLANTIC POWER, bearing Official No. 1059685, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., in rem, and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the said M/V ATLANTIC POWER be seized, condemned and sold to satisfy all amounts owed to Fleetzero, as set forth herein;

2.  That process in rem pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issue against the M/V ATLANTIC WIND, bearing Official No. 9270347, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., in rem, and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the said M/V ATLANTIC WIND be seized, condemned and sold to satisfy all amounts owed to Fleetzero, as set forth herein;

3.  For confirmation of the Interim Final Award and Final Award and entry of Judgment against Atlantic Oceanic in the same form and substance;

4.  Absent satisfaction of the Final Award, for judgment against the M/V ATLANTIC POWER, in the full amount due as set forth herein, including prejudgment interest, costs, and expenses;

5.  Absent satisfaction of the Final Award, for judgment against the M/V ATLANTIC WIND, in the full amount due as set forth herein, including prejudgment interest, costs, and expenses;

6.  That any property attached in this proceeding be sold under the direction of this Court, and that the proceeds of the sale be deposited with the Court to satisfy amounts owed to

Fleetzero, Inc.;

7. That notice of these proceedings be given to the owner or master of the M/V ATLANTIC POWER and ATLANTIC WIND and all persons who have recorded lien(s) with the U.S. Coast Guard by certified mail, delivered to their last known address on file with the U.S. Coast Guard; and

8. That this Court issue a final judgment in personam against Defendant, Atlantic Oceanic, LLC in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees; and

6. That this Court grant Fleetzero, Inc. such other and further relief which it may deem just and proper.

Dated:  New Orleans, Louisiana
        November 4, 2025

Respectfully submitted,

/s/ L. Etienne Balart
L. ETIENNE BALART (La. Bar No. 24951)
SARA B. KUEBEL (La. Bar No. 38305)
JONES WALKER, LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone: 504-582-8584
Facsimile:  504-589-8584
Email: ebalart@joneswalker.com
       skuebel@joneswalker.com

**Attorneys for Fleetzero, Inc.**