**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

FLEETZERO INC.,

Plaintiff,

v.

M/V ATLANTIC POWER, bearing Official No. 1059685, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem,*
M/V ATLANTIC WIND, bearing Official No. 9270347, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, and
ATLANTIC OCEANIC, LLC, *in personam*

Defendants.

CIVIL ACTION NO.: 25-01686

IN ADMIRALTY,
F.R.C.P. 9(h), RULE C, AND 9 U.S.C. § 8

**MEMORANDUM REGARDING MOTION FOR IMMEDIATE ENFORCEMENT OF JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Fleetzero, Inc. ("Fleetzero"), who, pursuant to Federal Rule of Civil Procedure 62(a), respectfully submits this Memorandum in further support of its motion for Immediate Enforcement of Judgment and waiver of Rule 62(a). Atlantic Oceanic, LLC ("Atlantic") has demonstrated through its post-arrest conduct a concrete and escalating risk of asset dissipation—selling vessels, re-flagging and exporting maritime assets beyond United States jurisdiction, and liquidating shore-side property—such that maintaining the ordinary 30-day automatic stay following confirmation of the Arbitration Awards would substantially prejudice Fleetzero's ability to collect on the judgment and would undermine the purpose of Rule 62(a)'s discretionary exception. Immediate enforcement is therefore warranted.



#111626537v2

## I. Factual Background

This action arises from a maritime commercial dispute between Fleetzero, Inc. ("Fleetzero") and Atlantic Oceanic, LLC ("Atlantic") that was submitted to arbitration. The arbitration resulted in a Partial Final Award entered on April 9, 2025, and a Final Arbitration Award entered on October 28, 2025, as amended on November 19, 2025, awarding Fleetzero a total of $4,147,724.59. Fleetzero filed this action on November 4, 2025, seeking confirmation of the awards under the Federal Arbitration Act. [R. Doc. #1]; [R. Doc. #21]. Fleetzero also sought and obtained the arrest of the M/V ATLANTIC WIND, Official No. 9270347 ("WIND"), and the M/V ATLANTIC POWER, Official No. 1059685 ("POWER"), which at the time were Atlantic's assets, in order to secure satisfaction of any judgment confirming the arbitration awards. On December 23, 2025, however, the Court vacated the arrest warrants, dissolving the *in rem* security while Fleetzero's motion to confirm remained pending.

Following dissolution of the arrests, and before entry of judgment on confirmation, Atlantic undertook a series of transactions affecting its remaining assets. Ownership of the WIND was subsequently transferred to an entity affiliated with Marc Muldoon, a close associate of Atlantic who previously participated in the vessel's attempted evasion of arrest. *See* Exhibit 1, Declaration of J. Crews, ¶ 6. The POWER, formerly a U.S.-flagged commercial vessel, was subsequently moved to the Bahamas and re-designated as a yacht, placing it outside United States registry and beyond the immediate reach of this Court. *Id.* ¶ 7. Fleetzero has also learned that Atlantic has begun selling, or attempting to sell, assets located at its leased terminal facility in Berwick, Louisiana. *Id.* at ¶ 8. These actions occurred after the vessel arrests were vacated and while confirmation of the arbitration awards remained unresolved.

## II. Law and Argument

The Federal Arbitration Act provides that once an arbitration award is confirmed, the court must enter judgment, and that judgment has the same legal effect and is governed by the same rules as any other judgment entered in a civil action. 9 U.S.C. § 9. Accordingly, Federal Rule of Civil Procedure 62(a) applies to judgments confirming arbitration awards. Rule 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, ***unless the court orders otherwise***." (emphasis added). The advisory committee notes expressly recognize the court's authority to dissolve that stay where circumstances warrant, including where "a risk that the judgment debtor's assets will be dissipated" exists. Courts therefore retain discretion to order immediate enforcement.

For example, in *Cockett Marine Oil United States, Inc. v. Bravo Global Supply, LLC*, the plaintiff sued a bunker fuel reseller for breach of contract based on unpaid marine fuel invoices. No. A-24-CV-1440, 2025 U.S. Dist. LEXIS 188097, at *2 (W.D. Tex. Apr. 30 2025). After granting summary judgment in Cockett's favor for the outstanding principal and prejudgment interest, the court found that the defendant's retention of bankruptcy counsel and expressed intent to pursue bankruptcy created a substantial risk that delayed enforcement would impair Cockett's ability to collect. *Id.* at *9-11. Exercising its discretion under Rule 62(a), the court dissolved the automatic stay and permitted immediate execution of the judgment. *Id.*

District courts in other circuits have likewise recognized that trial courts possess ***broad discretion*** to dissolve or shorten Rule 62(a)'s 30-day automatic stay where there is a demonstrated risk of asset dissipation—or where the judgment debtor's ability to rapidly liquidate or transfer assets threatens the prevailing party's ability to collect on the judgment. *See e.g., Spin Master, Ltd. v. 158*, 463 F. Supp. 348 (S.D.N.Y. 2020) (dissolving the Rule 62(a) stay because defendants'

ability to rapidly transfer funds created a substantial risk of asset dissipation, warranting immediate enforcement); *Allstar Mktg. Grp., LLC v. Afacai*, 20-Civ-8406, 2021 U.S. Dist. LEXIS 116656 (S.D.N.Y. June 22, 2021) (lifting the Rule 62(a) stay because defendants' overseas locations and ability to quickly conceal or transfer assets created a substantial risk of dissipation, making immediate enforcement necessary to preserve plaintiff's recovery); *Calloway Cleaning & Restoration, Inc. v. Burer*, No. 1:22-cv-12, 2024 U.S. Dist. LEXIS 67307 (S.D. Ohio Apr. 12, 2024) (shortening the Rule 62(a) stay because defendants' bad-faith conduct, failure to comply with sanctions, inconsistent asset representations, and ability to conceal or dissipate funds created a substantial risk to enforcement absent immediate execution); *Illinois ex rel. Raoul v. 3M Co.*, No. 4:25-cv-04189, 2025 U.S. Dist. LEXIS 258151 (C.D. Ill. Nov. 26, 2025) (dissolving the Rule 62(a) stay because delay would prejudice the plaintiff).

Here, immediate enforcement is warranted because Atlantic has demonstrated a concrete and ongoing risk of asset dissipation that squarely fits within the rule's discretionary exception. After Fleetzero obtained substantial arbitration awards exceeding $4.1 million and sought confirmation under the Federal Arbitration Act, it prudently secured Atlantic's principal assets through vessel arrests. Once that *in rem* security was dissolved—while confirmation remained pending—Atlantic promptly transferred ownership of the **WIND** to an affiliated entity, removed the **POWER** from U.S. jurisdiction by relocating and re-designating it in the Bahamas, and began selling additional shore-side assets. These actions mirror, and in several respects exceed, the circumstances in which courts have dissolved or shortened the Rule 62(a) stay to prevent frustration of judgment enforcement. Delaying enforcement at this juncture would materially impair Fleetzero's ability to collect on a confirmed judgment and would effectively reward post-judgment evasive conduct.

## III. Conclusion

Fleetzero, Inc. respectfully requests that, upon confirmation of the arbitration awards, the Court dissolve Rule 62(a)'s automatic stay and permit immediate enforcement of the judgment. The record demonstrates a concrete risk of continued asset dissipation, and immediate enforcement is necessary to preserve Fleetzero, Inc.'s ability to obtain meaningful relief and to protect the effectiveness of the Court's judgment.

Respectfully submitted,

*_/s/ L. Etienne Balart_*
L. ETIENNE BALART (La. Bar No. 24951)
SARA B. KUEBEL (La. Bar No. 38305)
ALISON M. ODERMANN (La. Bar No. 41887)
JONES WALKER, LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: 504-582-8584
Email: ebalart@joneswalker.com
skuebel@joneswalker.com
aodermann@joneswalker.com

***Attorneys for Fleetzero, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May 2026, a copy of the foregoing has been forwarded to all counsel of record by United States mail, first class postage prepaid, electronic filing, email and/or facsimile.

*_/s/ L. Etienne Balart_*
L. ETIENNE BALART